[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
The petitioner entered guilty pleas to unlawful restraint in the second degree (Connecticut General Statutes Section53a-96 (a)), theft of a firearm (Connecticut General Statutes Section 53a-212 (a)) and violation of probation (Connecticut General Statutes Section 53a-32 (a)).
For the violation of probation he received a sentence of fourteen (14) years, for the unlawful restraint one (1) year, and for the theft of a firearm five (5) years, all of which were to run concurrently for a total effective sentence of fourteen (14) years.
The record discloses that a Norwich police officer was approached by an hysterical female who said a man later CT Page 10982 identified as the petitioner grabbed her by the hair as she was walking by, forced her into a deserted alley where he pinned her against the side of a building and offered her a drink from the bottle of liquor he was holding. A pedestrian saw the confrontation, pursued the petitioner and apprehended him, holding him for police. He was positively identified by the victim and arrested. In the second case, the police received a report from an individual complaining that his .357 caliber handgun had been stolen from his residence. He said he believed the petitioner, who had been residing in the home had likely taken the weapon. Investigation revealed the petitioner was responsible for the theft of the weapon and he was arrested by warrant.
At an earlier time the petitioner had been given a sentence of twenty (20) years suspended after six (6) and placed on probation. The arrests on the unlawful restraint and stolen weapon charges resulted in the violation of probation charge.
Age 31 at the time of his sentencing, the petitioner had been convicted of kidnapping in the second degree in 1986 for which he was on probation at the time of these offenses. He has spent the majority of his adult life in prison and asserts that alcoholism has been the major force behind his unlawful activities. His attorney urges a reduction in his sentence citing his client's cooperation in the avoidance of a lengthy trial. Further, his attorney said Mr. Kendzierski wanted to change his life style.
In arguing in favor of maintaining the sentence imposed, the state asks that we consider the fact that the petitioner owed fourteen (14) years on his violation of probation and that he received current time on the two other charges.
The petitioner spoke on his own behalf and requested we reduce the sentence saying he recognized the errors in judgment he had made in the past but that he has now changed and wants to give something back to society.
The record reveals the petitioner spoke at some length at the sentencing and persuaded the judge not to give consecutive sentences, although the judge planned to give consecutive sentences before hearing from the petitioner.
In considering the appropriateness of the sentence imposed we are obliged to focus on the factors enumerated in Practice Book Section 942. The sentence must be proportionate considering the nature of the offense, the petitioner's character, the protection of society and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
As a probationer, the petitioner does "not enjoy `the absolute liberty to which every citizen is entitled, but CT Page 10983 only. . . conditional liberty properly dependent on observance of special restrictions.' Morrissey v. Brewer, 408 U.S. 471, 480,92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). These restrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large. . ." Griffin v. Wisconsin, 483 U.S. 868, 107 S.Ct. 3164, 3167-68,97 L.Ed.2d 709 (1987). The petitioner's probation was revoked and he was violated as a consequence of his guilty pleas to the unlawful restraint and stolen firearm charges. Interestingly, petitioner was convicted of a breach of peace charge less than three months prior to his arrest on these charges. Since a standard condition of all probations is the prohibition against any violations of law, it is apparent the breach of peace conviction was not deemed a probation violation. Thus, the petitioner was given the original probationary period to demonstrate his motivation to rehabilitate himself, and a second opportunity was afforded him when he breached a standard condition of probation that he obey the laws and was convicted of breach of peace; and, finally, within three months of that conviction (for which he served a thirty-day sentence) he had once more engaged in criminal conduct resulting in his arrest. It hardly can he said that his probation fostered any genuine rehabilitation or that the community is safe while petitioner is at large.
The rehabilitation and the protection of the public interest factors alone — out of all of the considerations set forth in Practice Book Section 942 — are sufficient for our conclusion that the sentence was neither disproportionate nor inappropriate.
The sentence is affirmed.
STANLEY, JUDGE PURTILL, JUDGE NORKO, JUDGE
CT Page 1